**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Federal Trade Commission, <br><br> Plaintiff, <br><br> v. <br><br> Loss Mitigation Services, Inc. <br><br> and <br><br> Synergy Financial Management Corporation, also d/b/a Direct Lender and Direct Lender.com <br><br> and <br><br> Dean Shafer <br><br> and <br><br> Bernadette Perry (a.k.a. Bernadette Carr and Bernadette Carr-Perry) <br><br> and <br><br> Marion Anthony (a.k.a. "Tony") Perry <br><br> Defendants. | Case No. SACV09-800 DOC(ANx) <br><br> **[PROPOSED]** <br><br> **PRELIMINARY INJUNCTION ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF AS TO BERNADETTE PERRY AND MARION ANTHONY PERRY** |

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on July 13, 2009, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to obtain preliminary and permanent injunctive and other equitable relief for Defendants'

violations of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing and sale of mortgage loan modification and foreclosure relief services. On July 20, 2009, the Court entered an *Ex Parte* Temporary Restraining Order With Asset Freeze and Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue [Docket Itm. # 14]. The Order set a hearing for August 3, 2009. On July 30, 2009, based on evidence and information received by the FTC after filing, the FTC filed an *Ex Parte* Application for Order to Show Cause Why Receiver Should not be Appointed and Other Injunctive Relief Be Entered [Docket Itm. # 17]. By Order on July 31, 2009, the Court continued the August 3, 2009 hearing to August 17, 2009 [Docket Itm. # 25]. On August 3, 2009, the FTC filed an *Ex Parte* Application and *Ex Parte* Application for Amended Temporary Restraining Order Appointing Temporary Receiver and Entering Additional Injunctive Relief and Order to Show Cause Why Permanent Receiver Should Not be Appointed and Other Injunctive Relief Be Entered [Docket Itm. #27]. On August 10, 2009, Defendant Dean Shafer filed a Response to Order to Show Cause Why a Preliminary Injunction Should Not Issue, on Behalf of Defendant Dean Shafer [Docket Itm. #32].

The FTC and Defendants *pro se* Bernadette Perry (a.k.a. Bernadette Carr and Bernadette Carr-Perry) and Marion Anthony (a.k.a. "Tony") Perry (together "Perry Defendants") have stipulated and agreed to entry of this Preliminary Injunction Order with Asset Freeze and Other Equitable Relief as to Bernadette Perry and Marion Anthony Perry ("Order"). This Court, having considered the Complaint, exhibits, memoranda, declarations, and other submissions of the parties, and now being advised in the premises, hereby enters this Order:

## FINDINGS OF FACT

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1345, and 15 U.S.C. §§ 45(a) and 53(b), and there is good cause to believe that it will have jurisdiction over all the parties hereto.

2. Venue in the Central District of California is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

3. There is good cause to believe that Defendants Loss Mitigation Services, Inc., Synergy Financial Management Corporation (also d/b/a Direct Lender and DirectLender.com), Dean Shafer, Bernadette Perry (a.k.a. Bernadette Carr and Bernadette Carr-Perry) and Marion Anthony (a.k.a. "Tony") Perry have engaged, and are likely to continue to engage, in acts or practices that violate Section 5 of the FTC Act, 15 U.S.C. § 45, and that the FTC therefore is likely to prevail on the merits in this action.

4. There is a reasonable likelihood that Defendants will violate Section 5 of the FTC Act, 15 U.S.C. § 45, in the future unless Defendants are restrained and enjoined by order of this Court.

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief in the form of permanent injunctive relief, rescission of contracts, restitution, disgorgement and other equitable remedies will occur from the destruction, transfer, dissipation or concealment by Defendants of their assets and business documents or records unless Defendants are immediately restrained and enjoined by order of this Court.

6. No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c).

7. Considering Plaintiff's likelihood of ultimate success on the merits and weighing the equities, a preliminary injunction order with asset freeze and other equitable relief is in the public interest.

## ORDER

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. "Plaintiff" or "FTC" means the Federal Trade Commission.

2.     "Defendants" means, together and separately:  (A) Loss Mitigation Services, Inc.; (B) Synergy Financial Management Corporation, also d/b/a Direct Lender and Direct Lender.com; (C) Dean Shafer; (D) Bernadette Perry (a.k.a. Bernadette Carr and Bernadette Carr-Perry) and (E) Marion Anthony (a.k.a. "Tony") Perry.

3.     "Perry Defendants" means: (A) Bernadette Perry (a.k.a. Bernadette Carr and Bernadette Carr-Perry) and (B) Marion Anthony (a.k.a. "Tony") Perry.

4.     "Corporate Defendants" means: (A) Loss Mitigation Services, Inc. and (B) Synergy Financial Management Corporation, also d/b/a Direct Lender and Direct Lender.com.

5.     "Mortgage loan modification or foreclosure relief service" means any service, product, or program that is represented, expressly or by implication, to assist a homeowner in any manner to (A) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (B) obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (C) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (D) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (E) obtain any forbearance from any beneficiary or mortgagee; (F) obtain a loan or advance of funds that is connected to the consumer's home ownership; (G) avoid or ameliorate the impairment of the homeowner's credit standing, credit rating or credit profile; (H) examine, audit or evaluate any term of a home loan, deed of trust or mortgage; or (I) save the consumer's residence from foreclosure.

6.     "Assisting others" means knowingly providing any of the following goods or services to another person or entity:  (A) performing customer service functions, including, but not limited to, receiving or responding to consumer inquiries or complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; (C) providing names of, or assisting in the generation of, potential

customers; (D) performing marketing services of any kind; or (E) providing mortgage loan modification or foreclosure relief services.

7.  "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

8.  "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

9.  "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

9.  The term "document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

## PROHIBITED REPRESENTATIONS

**I.   IT IS THEREFORE ORDERED** that Perry Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, are hereby preliminarily enjoined from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any of the following:

   A.   that any Defendant or any other person will

       1. obtain, arrange or negotiate a modification of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement;

       2. obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure;

       3. stop, prevent, or postpone any home mortgage foreclosure sale;

       4. save any consumer's residence from foreclosure;

       5. obtain or arrange lower or affordable monthly mortgage payments for any consumer;

       6. obtain or arrange lower interest rates on any home loan, deed of trust, or mortgage for any consumer;

       7. otherwise provide any mortgage loan modification or foreclosure relief service;

       8. give a full or partial refund of any fees paid if the Defendant or any other person fails to provide a mortgage loan modification or foreclosure relief service;

    B. the terms that any beneficiary, mortgagor, or other home-loan holder will or is likely to offer or accept, with respect to any item listed in subparagraphs I.A.1-8 above, or to cure any delinquency or default on, or to reinstate, any mortgage, deed of trust, or other home loan;

    C. the amount of time it will take or is likely to take to obtain any item listed in subparagraphs I.A.1-8 above;

    D. the refund policy of any Defendant or any other person, including but not limited to the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

    E. that any Defendant or any other person is the consumer's lender, or is affiliated with, working with, or authorized by, the consumer's lender, or

    F.   any other fact material to a consumer's decision whether to purchase mortgage loan modification or foreclosure relief services.

**II.   IT IS FURTHER ORDERED** that Perry Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering, or obtaining of any extension of credit, whether the credit is provided by a Defendant or by a third party, are hereby preliminarily enjoined from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any fact material to a consumer's decision whether to purchase the services of the Defendants or otherwise to provide money to the Defendants related to any extension of credit.

**III.   IT IS FURTHER ORDERED** that Perry Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, are hereby preliminarily enjoined from representing in any manner, expressly or by implication, or from assisting others who are representing in any manner, expressly or by implication, that they will provide any mortgage loan modification or foreclosure relief service, unless they disclose clearly and prominently, and in close proximity to such representation, that they are not the consumer's lender or servicer, a department of the consumer's lender, or affiliated with, working with, or authorized by, the consumers' lender or servicer.

## RESTRICTION ON COLLECTION OF ADVANCE FEES

**IV.    IT IS FURTHER ORDERED** that Perry Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, are hereby preliminarily enjoined from requesting or accepting payment of any fee or consideration in advance of performing each and every mortgage loan modification or foreclosure relief service and each and every service related to an extension of credit that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them contracted to perform or represented would be performed.

## PROHIBITION ON COLLECTION OF PAYMENTS

**V.    IT IS FURTHER ORDERED** that Perry Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby preliminarily enjoined from attempting to collect payment from any consumer for any mortgage loan modification or foreclosure relief service and any services related to an extension of credit marketed or sold by or for any Defendant prior to the date of this Order.

## ASSET FREEZE

**VI. IT IS FURTHER ORDERED** that:

    A.    Perry Defendants are hereby preliminarily enjoined, except as otherwise provided in subsections B and C of this Section VI, from:

        1.    transferring, encumbering, selling, concealing, pledging, hypothecating, assigning, spending, withdrawing, disbursing, conveying, gifting, dissipating, or otherwise disposing of any funds, property, coins, lists of consumer names, shares of stock, or other assets, wherever located, that are (a) owned or controlled by any of the Defendants, in whole or in part; (b) in the actual or constructive possession of any of the Defendants; (c) held by an agent of any of the Defendants, as a retainer for the agent's provision of services to a Defendant; or (d) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants;

        2.    opening or causing to be opened any safe deposit boxes titled in the name of any of the Defendants, or subject to access by any of the Defendants;

        3.    incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any of the Defendants, or any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants; and

        4.    failing to disclose to the FTC, immediately upon service of this Order, information that fully identifies each asset of the Defendants, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

    B.    The Perry Defendants shall transfer all funds existing as of the date of this Order into Wells Fargo Bank account number XXXXXX7564 (in the names of Marion Anthony and Bernadette Perry).

1  C. The funds, property and assets affected by this Section VII shall
2  include those assets existing as of the effective date of this Order, including without
3  limitation, those acquired by loan or gift.  Perry Defendants may each retain and
4  spend income received from employment performed after the date of entry of this
5  Order; *provided, however*, that such income shall first be deposited into Wells Fargo
6  Bank account number XXXXXX7564 (in the names of Marion Anthony and
7  Bernadette Perry).  Further, Defendants may retain and spend assets acquired by loan
8  or gift after the date of entry of this Order only after identifying such assets to FTC
9  counsel.  This section does not apply to loans or gifts valued at less than $500.
10  D. Except as otherwise provided in subsections B and C, the freeze
11  imposed in this Section VI also shall be construed to apply to assets that any of the
12  Perry Defendants acquires following service of this Order.
13  E. Nothing herein shall preclude Perry Defendants from filing future
14  motions with the Court for release of funds for the payment of reasonable and
15  necessary living expenses or attorney's fees.  Nothing herein shall preclude the FTC
16  from filing objections to any such future motion for release of funds.

17  **FINANCIAL AND BUSINESS ACCOUNTING**
18  **VII. IT IS FURTHER ORDERED** that within forty-eight (48) hours after service
19  of this Order:
20  A. the Perry Defendants shall complete and deliver to the FTC the
21  Financial Statement captioned "Financial Statement of Individual Defendant," a copy
22  of which is attached hereto as Attachment A;
23  B. Perry Defendants shall provide the FTC access to records and
24  documents pertaining to assets of any of the Defendants that are held by financial
25  institutions outside the territory of the United States by signing a Consent to Release
26  of Financial Records, a copy of which is attached hereto as Attachment C.
27  C. Perry Defendants shall provide the name of:
28

10

      1.    each of their former employees or independent contractors, whose employment with Defendants ceased during the period October 1, 2007 to the date of service of this order, and the specific dates during which such person was employed. Defendants also shall state all known addresses, phone numbers and email addresses for each individual;

      2.    each person who holds, or within the last two years held, a real estate license, whom Defendants have employed, retained, or contracted with to provide mortgage loan modification or foreclosure relief services. Defendants also shall state all known addresses, phone numbers and email addresses for such person, and the specific dates during which such person provided such services;

      3.    each attorney whom Defendants have employed, retained, or contracted with to provide mortgage loan modification or foreclosure relief services. Defendants also shall state all known addresses, phone numbers and email addresses for each attorney, paralegal or other legal professional and the specific dates during which such person provided such services; and

      4.    each employee or independent contractor of Defendants who provides mortgage loan modification or foreclosure relief services and the title of each such person.

D.    Perry Defendants shall provide the FTC with a list of all business or corporate entities acquired by any Defendant since October 1, 2007, and all business or corporate entities that may be acquired or under negotiation to be acquired by Defendants, that provide or have provided mortgage loan modification or foreclosure relief services and produce a copy of any contracts or agreements memorializing the

terms of such acquisition or pending acquisition. For each such business or corporate entity, state all known addresses, phone numbers, and email addresses.

     E.    Defendants shall provide the address and telephone number for each business premise used by Defendants in connection with the provision of mortgage loan modification or foreclosure relief services, including but not limited to any call center operations.

     F.    Perry Defendants shall provide a list of all officers and directors of the company and all other individuals or entities with authority to direct the operations of any Corporate Defendant or withdraw money from the account of any Corporate Defendant.

*Provided* that Perry Defendants do not have to provide any such information identified by this Section VII if (1) Perry Defendants have complied with the similar provision set forth in Section VI of the TRO; and (2) the information provided has not changed.

**IDENTIFYING INFORMATION RELATING TO ACCOUNTANTS AND FINANCIAL PLANNERS**

**VIII.  IT IS FURTHER ORDERED** that, each Perry Defendant shall provide counsel for the Plaintiff: the name, address and telephone number for each accountant, financial planner, investment advisor, stock broker, or other individual, corporation or partnership who has provided financial, business or tax advice or services to Defendants since January 1, 2008.

**FINANCIAL INSTITUTIONS**

**IX.   IT IS FURTHER ORDERED** that:

     A.    any financial or brokerage institution, any business entity, or any other person having possession, custody, or control of any records of Perry Defendants, or of any account, safe deposit box, or other asset titled in the name of Perry Defendants, either individually or jointly or held for the benefit of any of the Perry

Defendants, or which has maintained any such account, safe deposit box, or other asset at any time since October 1, 2007 (collectively "Asset Holders"), shall:

    1.    hold and retain within such Asset Holder's control, and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any funds, documents, property, or other assets, except as otherwise provided in Subsections VI.B and VI.C above, held by or under such entity's or person's control (1) on behalf of, or for the benefit of, any Perry Defendant; (2) in any account maintained in the name of, or subject to withdrawal by, any Perry Defendant; or (3) that are subject to access or use by, or under the signatory power of, any Perry Defendant;

    2.    deny access to any safe deposit boxes that are either (1) titled in the name, individually or jointly, of any Perry Defendant; or (2) subject to access by any Perry Defendant.

    3.    provide to the FTC, within three (3) business days of notice of this Order, a sworn statement setting forth:

        a.    the identification of each account or asset;

        b.    the balance of each account or a description of the nature and value of each asset as of the close of business on the day notification of this Order is received, and, if the account or asset has been closed or moved, the balance or value removed, the date on which it was removed, and the person or entity to whom it was transferred; and

        c.    the identification of any safe deposit box titled in the name of or subject to access by any of the Defendants;

    4.    upon request by counsel for the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the

accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

*Provided* that Asset Holders do not have to provide the information set forth in Subsections IX.A.3 and IX.A.4 if (1) they have complied with the similar provisions set forth in Section VII.A and VII.B of the TRO; and (2) the information provided has not changed.

  B. the accounts subject to this provision include existing assets and assets deposited after the effective date of this Order, except as otherwise provided in Subsections VI.B and VI.C above.  This Section shall not prohibit transfers in accordance with any provision of this Order, or any further order of the Court.

  C. The FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any such Asset Holder, including account custodians or other entities, concerning the nature, location, status, and extent of Perry Defendants' assets, and compliance with this Order, and such Asset Holder, including account custodian or other entity, shall respond to such subpoena within five (5) business days after service.  For purposes of this subsection, the FTC may serve any such subpoena by facsimile or overnight courier.

## REPATRIATION OF ASSETS

**X.** **IT IS FURTHER ORDERED** that within five (5) business days following service of this Order, each Perry Defendant shall:

  A. repatriate to the United States all funds, documents, or assets in foreign countries held either:  (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly;

  B. the same business day as any repatriation under sub-section A above,

    1. notify the FTC of the name and location of the financial institution or other entity that is the recipient of such funds, documents, or assets; and

    2. serve this Order on any such financial institution or other entity;

    C.    provide the FTC with a full accounting of all funds, documents, and assets outside of the territory of the United States held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly; and

    D.    hold and retain all repatriated funds, documents, and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds. *Provided* that Perry Defendants do not have to perform the acts required by this Section X if (1) Perry Defendants have complied with the similar provision set forth in Section VIII of the TRO; and (2) the assets and information provided have not changed.

## NONINTERFERENCE WITH REPATRIATION

**XI.  IT IS FURTHER ORDERED** that Perry Defendants are hereby preliminarily enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section X of this Order, including, but not limited to:

    A.    sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section X of this Order;

    B.    notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section X of this Order.

## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**XII.  IT IS FURTHER ORDERED** that Perry Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise,

whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined from:

    A.    destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or business or personal finances, of Defendants, or other entity directly or indirectly under the control of Defendants;

    B.    failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by any Defendant or other entity directly or indirectly under the control of any Defendants.

## CONSUMER REPORTS

**XIII. IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Perry Defendant to the FTC.

## MONITORING

**XIV. IT IS FURTHER ORDERED** that employees, agents or representatives of the FTC may contact Perry Defendants or Perry Defendants' employees, agents or representatives directly and anonymously for the purpose of monitoring compliance with Section I of this Order, and may tape record any oral communications that occur in the course of such contacts.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**XV. IT IS FURTHER ORDERED** that Perry Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, are hereby preliminarily enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank

account number, e-mail address, or other identifying information of any person who paid money to any of the Defendants for a mortgage loan modification or foreclosure relief service or who were contacted or are on a list to be contacted by any of the Defendants; *provided* that Perry Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## NOTIFICATION OF BUSINESS ACTIVITIES

**XVI.  IT IS FURTHER ORDERED** that:

    A.   each Perry Defendant is hereby preliminarily enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on counsel for the FTC a written statement disclosing the following:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities.

    B.   each Perry Defendant shall notify counsel for the FTC at least seven (7) days prior to affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action.  Each notice shall include the Perry Defendant's new business address and a statement of the nature of the business or employment and the nature of his or her duties and responsibilities in connection with that business or employment.

## NOTICE TO EMPLOYEES, AGENTS AND REPRESENTATIVES

**XVII.  IT IS FURTHER ORDERED** that within three (3) calendar days following this Order, Perry Defendants shall provide a copy of this Order to each of their employees, agents, directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, all persons in active concert or participation with Defendants, and any person who has solicited customers for

1  Defendants' mortgage loan modification or foreclosure relief service or provides any
2  aspect of that service.  Within five (5) calendar days following this Order, Perry
3  Defendants shall provide counsel for the Commission with an affidavit identifying
4  the names, titles, addresses, and telephone numbers of the persons and entities that
5  Defendants have served with a copy of this Order in compliance with this provision.

## LIMITED EXPEDITED DISCOVERY

7  **XVIII.    IT IS FURTHER ORDERED** that, notwithstanding the provisions of
8  Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2), 33(a) and (b)(2), and Local
9  Rule 26-1, and pursuant to Federal Rules of Civil Procedure 30(a), 33, 34 and 45, the
10 FTC is granted leave, at any time after service of this Order, to:

11     A.    take the deposition, on three (3) days' notice, of any person, whether or
12 not a party, for the purpose of discovering the nature, location, status, and extent of
13 assets of the Perry Defendants, or of their affiliates or subsidiaries; the nature and
14 location of documents reflecting the business transactions of the Perry Defendants,
15 or their affiliates or subsidiaries; the applicability of any evidentiary privileges to this
16 action; and monitoring compliance with this Order.  The limitations and conditions
17 set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent
18 depositions of an individual shall not apply to depositions taken pursuant to this
19 Section.  Any such depositions taken pursuant to this Section shall not be counted
20 toward the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and
21 31(a)(2)(A).  Service of discovery upon a party, taken pursuant to this Section shall
22 be sufficient if made by facsimile or by overnight delivery;

23     B.    demand the production of documents, on five (5) days' notice, from any
24 person, whether or not a party, relating to the nature, status, or extent of the Perry
25 Defendants' assets, or of their affiliates or subsidiaries; the location of documents
26 reflecting the business transactions of the Perry Defendants, or of their affiliates or
27 subsidiaries; the applicability of any evidentiary privileges to this action; and
28 monitoring compliance with this Order, provided that twenty four (24) hours' notice

shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data; and

      C.    serve on any Perry Defendant up to five (5) interrogatories relating to the location, storage or retention of documents reflecting the business transactions of the Perry Defendants, or of their affiliates or subsidiaries; and monitoring compliance with this Order. The limitations and conditions set forth in Fed. R. Civ. P. 33(a)(1) regarding the number of interrogatories shall not apply to interrogatories taken pursuant to this Section. Any such interrogatory taken pursuant to this Section shall not be counted toward the twenty-five interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1). Service of discovery upon a party, taken pursuant to this Section shall be sufficient if made by facsimile or by overnight delivery.

## CORRESPONDENCE

**XIX. IT IS FURTHER ORDERED** that for the purposes of this Order, all service on and correspondence to the FTC shall be sent via Federal Express or email and be addressed to: Mark Glassman, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room NJ-3158, Washington, DC 20580; Telephone: (202) 326-2826; Facsimile: (202) 326-3768; email: mglassman@ftc.gov.

      In addition, all documents required to be served in this case may be served by e-mail using the following e-mail addresses:

            Mark Glassman:  mglassman@ftc.gov

            Bevin Murphy:  bmurphy1@ftc.gov

            Robert Mahini:  rmahini@ftc.gov

            Marion Anthony ("Tony") Perry:  mp-f7@cox.net

            Bernadette Perry:  mp-f7@cox.net.

## SERVICE OF THIS ORDER

**XX. IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, email (upon written consent), personal or overnight delivery, or U.S. Express Mail, by agents and employees of the FTC or any state or federal

law enforcement agency or by private process server, on Defendants or any other person or entity that may be subject to any provision of this Order.

## RIGHT TO INVESTIGATE AND ADD ADDITIONAL PARTIES AND CLAIMS

**XXI. IT IS FURTHER ORDERED** that nothing in this Order shall be construed as limiting or restricting the FTC's right or ability to investigate, take discovery from, add to this action or bring further actions against any persons or entities not specifically named herein as a defendant or who may be in active concert or participation with any of the defendants.

## RETENTION OF JURISDICTION

**XXII. IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this 19th day of August, 2009.

_/s/ David O. Carter_
UNITED STATES DISTRICT JUDGE